UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON OLIVERIA, individually and on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>AMN HEALTHCARE, INC., a Nevada corporation; DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendant. | Case No.:  3:22-cv-00003-LL-WVG<br><br>**ORDER ON MOTION FOR ADDITIONAL TIME TO RESPOND**<br><br>**[ECF No. 5]** |

## I. <u>INTRODUCTION</u>

Plaintiff SHARON OLIVERIA, individually and on behalf of themselves and all others similarly situated ("Plaintiff") brings this putative class action for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.01, *et seq.* (the "OMWFSA"), against Defendant AMN HEALTHCARE, INC., a Nevada corporation ("Defendant") and DOES 1 through 10. ECF No. 1. Before the Court is the Joint Motion to Extend Defendant's Time to Respond to the Complaint. ECF No. 5. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Joint Motion.

/ / /

## II. BACKGROUND

On January 3, 2022, Plaintiff filed suit, alleging claims for relief for (1) off-the-clock work in violation of the FLSA; (2) off-the-clock work in violation of the OMFWSA; (3) failure to include bonus pay in overtime rate in violation of the FLSA; (4) failure to include bonus pay in overtime rate in violation of the OMFWSA; (5) unlawful unpaid breaks in violation of the FLSA; (6) unlawful unpaid breaks in violation of the OMFWSA; (7) improper kickbacks in violation of the FLSA; and (8) improper kickbacks in violation of the OMFWSA. ECF No. 1.

On January 18, 2022, Plaintiff served Defendant, meaning Defendant has until Tuesday, February 8, 2022, to respond. *See* ECF No. 4; ECF No. 5 at 2:8-11; FED. R. CIV. P. 12(a)(1)(A). On January 31, 2022, Plaintiff and Defendant filed the instant Joint Motion to extend Defendant's time to respond to the complaint by fifteen days. ECF No. 5 at 2:12-13.

## III. LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure requires a defendant to file a responsive pleading within either (1) twenty-one days of being served with the summons and complaint or (2) sixty days after the request for a waiver was sent. Pursuant to the Local Rules, "[e]xtensions of time for answering, or moving to dismiss a complaint will only be secured by obtaining the approval of a judicial officer, who will base the decision on a showing of good case." S.D. Cal. Civ. R. 12.1. Thus, "[i]n the Southern District, court approval is required for *any* extension of time to answer or move to dismiss the complaint." Phillips, Virginia A., et al., *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial*, § 8:913 (The Rutter Group April 2020).

## IV. ORDER

Defendant seeks a fifteen-day extension of time to respond to the complaint, extending their deadline from Tuesday, February 8, 2022, to February 23, 2022. Defendant argues the additional time is necessary given the complaint alleges eight claims for relief and contains 134 paragraphs of allegations. The Court finds good cause exists to grant the

Joint Motion. The Court grants a thirty-day extension of time to respond, meaning Defendant shall have until Thursday, March 10, 2022, to respond to the complaint. However, further extensions will not be granted absent a showing of good cause.

Plaintiff is reminded that with respect to DOES 1 through 10, "[a] plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Keavney v. Cty. of San Diego*, No. 319CV01947AJBBGS, 2020 WL 4192286, at *4-5 (S.D. Cal. July 21, 2020) (Battaglia, J.) (citing FED. R. CIV. P. 10(a)). Where a plaintiff fails to link the alleged wrong or explain how any of the unidentified parties he sued personally caused a violation of his rights, the court must dismiss those individuals, especially when they have not been served. *See, e.g.*, FED. R. CIV. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also* S.D. Cal. Civ. R. 41.1(a); *Keavney*, 2020 WL 4192286 at *4-5 (dismissing the plaintiff's first amended complaint). Here, Plaintiff's complaint to does not contain specific allegations against specific doe defendants. Thus, absent service upon specific defendants within thirty (30) days, the Court will dismiss the doe defendants *without prejudice*. Plaintiff can always seek leave to amend to add additional defendants at a later date pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: February 4, 2022



**HON. LINDA LOPEZ**
United States District Judge