Brian S. Kabateck (SBN 152054)
bsk@kbklawyers.com
Shant Karnikian (SBN 285048)
sk@kbklawyers.com
Jerusalem F. Beligan (SBN 211258)
jfb@kbklawyers.com
**KABATECK LLP**
633 W. Fifth Street, Suite 3200
Los Angeles, CA 90071
Telephone: (213) 217-5000

James L. Simon (*pro hac vice* forthcoming)
james@bswages.com
**THE LAW OFFICES OF SIMON & SIMON**
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890

Michael L. Fradin (*pro hac vice* forthcoming)
mike@fradinlaw.com
8401 Crawford Ave., Ste. 104
Skokie, IL 60076
Telephone: (847) 986-5889

*Attorneys for Plaintiff and the Putative Classes*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sharon Oliveira, individually and on behalf of themselves and all others similarly situated, | ) Case No. 22-cv-00003-LL-WVG ) ) **CLASS ACTION** ) |
| Plaintiff, | ) **FIRST AMENDED COLLECTIVE** ) **AND CLASS ACTION** |
| vs. | ) **COMPLAINT** ) |
| AMN Healthcare, Inc., a Nevada corporation, and DOES 1 through 10, inclusive, | ) **DEMAND FOR JURY TRIAL** ) ) ) |
| Defendants. | ) ) ) ) ) ) ) ) |

Plaintiff Sharon Oliveira ("Plaintiff"), individually and on behalf of all other persons similarly situated, files this First Amended Collective and Class Action Complaint ("Complaint") against defendant AMN Healthcare, Inc. (hereafter "AMN" or "Defendant") and DOES 1 through 10 (collectively, "Defendants") and alleges as follows:

## **PRELIMINARY STATEMENT**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Ohio Minimum Fair Wage Standards Act ("OMWFSA"), O.R.C. 4111.01, *et seq.* and Fed. R. Civ. P. 23 for AMN's failure to pay Plaintiff and other similarly-situated employees (referred to herein as "Collective Members" and "Class Members") all earned minimum and overtime wages.

2.      Plaintiff, the Collective Members and the Class Members are current and former employees of AMN. Plaintiff brings this action on behalf of herself and all similarly-situated current and former Interpreters (also referred to as the "Covered Positions") of AMN.[1]

3.      The Collective Members are all current and former Interpreters, or other similarly titled employees, who were employed by AMN starting three years before this Complaint was filed, up to the present.

4.      The Class Members are all current and former Interpreters, or other similarly titled employees, who were employed by AMN within the state of Ohio starting three years before this Complaint was filed, up to the present.

5.      Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular

---

[1] For the purposes of this Complaint, "Interpreters" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff and the putative class, and has no bearing or relation to any specialization, skill, educating, training, or other qualification that might otherwise be associated with such a job title.

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

rates of pay for all time they spend working over 40 hours in a workweek. AMN failed to pay Plaintiff, the Collective Members and the Class Members one and one-half times their regular rate of pay for all time they spent working over 40 hours in a workweek. Plaintiff therefore brings this Complaint as a class action and collective action under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for AMN's violation of federal and Ohio law as detailed further below.

6.      Under the FLSA and OMFWSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working over 40 hours in a workweek. To compute the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215. AMN paid Plaintiff, the Collective Members and the Class Members non-discretionary bonuses, but AMN did not include these payments as part of Plaintiff's, the Collective Members' and the Class Members' regular rates of pay for purposes of paying overtime.

7.      Under the FLSA and OMWFSA "[r]est periods of short duration, running from 5 minutes to about 20 minutes. . . must be counted as hours worked." *See* 29 C.F.R. 785.18; *see also Mauia v. Petrochem Insulation,* Inc., 5 F.4th 1068, 1074 (9th Cir. 2021). AMN violated the FLSA and OMWFSA by routinely failing to pay Plaintiff, the Collective Members and the Class Members for rest breaks shorter than 20 minutes.

8.      The wage requirements of the FLSA and OMFWSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 531.35. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased

1  by the employee cuts into the minimum or overtime wages required to be paid him
2  under the Act." *Id*. AMN violated the FLSA and OMFWSA by requiring Plaintiff, the
3  Collective Members and the Class Members to provide the internet services necessary
4  to complete their Interpreter job duties for AMN while failing to reimburse Plaintiff,
5  the Collective Members and the Class Members for the costs of the same.

6                    **JURISDICTION AND VENUE**

7       9.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29
8  U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United
9  States.

10      10.    Venue is proper in this district under 28 U.S.C. § 1391(b)(ii) because acts
11  giving rise to the claims of Plaintiff and the Collective Members occurred within this
12  District.

13      11.    At all relevant times, Plaintiff has been a resident of Franklin County,
14  Ohio and performed work for AMN within the state of Ohio.

15      12.    AMN is headquartered at 12400 High Bluff Drive San Diego, California
16  92130.

17      13.    AMN regularly conducts business in and has engaged in the wrongful
18  conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial
19  district.

20      14.    Plaintiff, the Collective Members and the Class Members in their work
21  for AMN were employed by an enterprise engaged in commerce with annual gross
22  sales of at least $500,000.

23                           **PARTIES**

24      15.    At all times material to the matters alleged in this Complaint, Plaintiff is
25  a current employee of AMN.

26      16.    Plaintiff is a full-time employee of AMN who worked and continues to
27  work as an Interpreter from approximately May 1, 2020 through the present.

28

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

17.     The Collective Members are all current and former Interpreters who worked for AMN in the United States at any point in the three years preceding the filing of this Complaint.

18.     The Class Members are all current and former Interpreters who worked for AMN in the state of Ohio at any point in the three years preceding the filing of this Complaint.

19.     The Class and Collective Members are non-exempt from the OMFWSA and FLSA overtime requirements.

20.     At all material times, AMN Healthcare, Inc. is a Nevada corporation duly licensed to transact business in the State of Ohio, and is headquartered in San Diego, California.

21.     Under the OMFWSA and FLSA, AMN is an employer. At all relevant times, AMN had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with AMN. As a person who acted in the interest of AMN in relation to the company's employees, AMN is subject to liability under the OMFWSA and FLSA.

22.     At all material times, Plaintiff and the Collective and Class Members were employees of AMN as defined by the OMFWSA and FLSA, 29 U.S.C. § 203(e)(1).

23.     At all material times, Plaintiff and the Collective and Class Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

24.     Plaintiff has given her written consent to be a named party in this action under 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

25.     The true names and capacities, whether individual, corporate, associate,

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

representative, alter ego or otherwise, of defendants named in this action as DOES 1 through 10 inclusive are presently unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege the true names and capacities of DOES 1 through 10 when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff and the Collective and Class Members for the events, happenings, and damages set forth below.

26.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times mentioned herein, Defendants acted as agents, employees, supervisors, partners, conspirators, servants and/or joint venturers of each other, and in doing the acts hereafter alleged, were acting within the course, scope, and authority of such agency, employment, partnership, conspiracy, enterprise and/or joint venture, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants

## FACTUAL ALLEGATIONS

27.     AMN provides staffing and recruitment services for healthcare providers nationwide.[2]

28.     One of the services that AMN provides is supplying healthcare providers with qualified language interpreters such as Plaintiff, the Collective Members and the Class Members.[3]

29.     The Collective Members are all current and former Interpreters who worked for AMN nationwide at any point in the three years preceding the filing of this

[2] *See* https://www.amnhealthcare.com/about/why-amn-healthcare/ (last visited Nov. 5, 2021)

[3] *See* https://www.amnhealthcare.com/staffing/schools/language-interpretation/ (last visited Nov. 5, 2021).

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Complaint. The Collective Members are non-exempt from the FLSA's overtime requirements.

30.     The Class Members are all current and former Interpreters who worked for AMN in Ohio at any point in the three years preceding the filing of this Complaint. The Class Members are non-exempt from the OMFWSA's overtime requirements.

31.     Plaintiff worked for AMN as an Interpreter, providing two-way language translation for AMN's clients. At all relative times, Plaintiff worked remotely from her residence in Franklin County, Ohio. The Collective and Class Members similarly work remotely using AMN's propriety technology, hardware, and software.

32.     At all relevant times, Plaintiff was compensated on an hourly basis at a rate of approximately $22.00.

33.     At all relevant times, Plaintiff worked approximately 50 hours per week.

34.     During every workweek, Plaintiff and the Collective and Class Members were paid on an hourly basis.

35.     Plaintiff, the Collective Members, and the Class Members perform their duties, work and provide their interpretation services for AMN remotely. As part of this design, AMN issues Plaintiff, the Collective Members and the Class Members computer, audio and video equipment for use in Plaintiff's, the Collective Members' and the Class Members' homes. This AMN equipment all contains AMN's proprietary software programs which Plaintiff, the Collective Members and the Class Members must log on to perform their job functions for AMN.

36.     At all relative times, Plaintiff, the Collective Members and the Class Members have been subject to AMN's policy of requiring Plaintiff, the Collective Members and the Class Members to spend time working before clocking in at the beginning of their shifts and after clocking out at the end of their shifts.

37.     Specifically, Plaintiff, the Collective Members and the Class Members must set up the required audio and video equipment and perform quality checks before

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

"clocking in." In addition, Plaintiff, the Collective Members and the Class Members are required to spend time booting up and logging into their computers before clocking in for their shift. As a result, Plaintiff, the Collective Members and the Class Members were being required to perform pre-shift work for which they were not being compensated. Moreover, Plaintiff, the Collective Members and the Class Members are required to clock out at the end of their shift before logging off, shutting down their computers and cleaning the AMN issued equipment. As a result, Plaintiff, the Collective Members and the Class Members were being required to perform post-shift work for which they were not being compensated.

38.    As a result of the pre- and post-shift work, Plaintiff, the Collective Members and the Class Members typically spend at least 15 minutes or more each shift that goes completely uncompensated, whether at a regular rate of pay or an overtime rate of pay. In all instances, AMN's failure to compensate Plaintiff, the Collective Members and the Class Members for such time violates the minimum wage provisions of the FLSA and OMFWSA. In all instances wherein Plaintiff, the Collective Members and the Class Members work over 40 hours in a workweek, AMN's failure to compensate Plaintiff, the Collective Members and the Class Members for such time violates the overtime provisions of the FLSA and OMFWSA. In all instances wherein Plaintiff, the Collective Members and the Class Members worked, but not over 40 hours in a workweek, AMN's failure to compensate Plaintiff, the Collective Members and the Class Members for such time violates the minimum wage provisions of the FLSA and OMFWSA

39.    At all relevant times, Plaintiff, the Collective Members and the Class Members were eligible to earn non-discretionary bonus payments because of positive or exemplary performance. These bonus payments were typically made in a lump sum. For example, on or about October 15, 2021, Plaintiff earned a $250 bonus payment as result of her positive or exemplary performance. However, AMN does not include

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

these non-discretionary bonus payments in Plaintiff's, the Collective Members' and the Class Members' regular rates of pay to compute the overtime rate paid. As a result, AMN has violated the overtime provisions of the FLSA and OMFWSA.

40.     At all relevant times, Plaintiff, the Collective Members and the Class Members were subject to AMN's company-wide "break" policy. *See* excerpt from Language Operations US Policies Manual attached hereto as "**Exhibit B**" and incorporated as if fully rewritten herein.

41.     Pursuant to AMN's break policy, Plaintiff, the Collective Members and the Class Members can work as much as 7.75 hours while receiving only one paid 15-minute break, i.e. the "scheduled break." Plaintiff, the Collective Member and the Class Members can work over 10 hours while receiving only two paid 15-minute scheduled breaks. If Plaintiff, the Collective Members and the Class Members work 3.75 hours or less, then they receive no paid break time whatsoever.

42.     AMN's break policy further provides that "[s]hifts extended due to long sessions will not be eligible to have additional breaks paid out, as breaks are intended to be scheduled and taken during the shift." Moreover, "[i]f the last break cannot be taken due to servicing a long session, that break time is not to be added as paid time at the end of the shift." In addition, under the policy, Interpreters are discouraged from "needlessly transferring or logging out of a live session to take their scheduled break/lunch time."

43.     Plaintiff, the Collective Members' and the Class Members' primary job function is to listen to a patient speaking in a foreign language, translate the patient's words to the healthcare provider in English, then listen to the healthcare provider's response, and then translate the healthcare provider's response to the patient in their foreign language. Naturally, these sessions go beyond their allotted time and therefore Plaintiff, the Collective Members and the Class Members cannot take one or more of their scheduled 15-minute breaks and therefore must work through their 15-minute

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

breaks. However, under the policy, they are prohibited from adding the missed break to total hours worked during a shift, and as a result, are not being compensated for all hours worked. In addition, Plaintiff, the Collective Members and the Class Members may need brief rest breaks which fall outside of AMN sparse scheduled break policy. Any such break is treated as an "unscheduled break" and AMN does not compensate Plaintiff, the Collective Members and the Class Members for the same.

44.    AMN's failure to pay Plaintiff, the Collective Members and the Class Members for any unscheduled break of 20 minutes or less violates the minimum wage provisions of the FLSA and OMFWSA in all instances. In all instances wherein Plaintiff, the Collective Members and the Class Members worked over 40 hours in a workweek, AMN's failure to compensate Plaintiff, the Collective Members and the Class Members for any break of 20 minutes or less violates the overtime provisions of the FLSA and OMFWSA.

45.    AMN requires Plaintiff, the Collective Members and the Class Members to supply their own highspeed internet routers and modems. *See* excerpt from Language Operations US Policies Manual attached hereto as "**Exhibit C**" and incorporated as if fully rewritten herein. Moreover, Plaintiff, the Collective Members and the Class Members must provide highspeed internet service with bandwidth capable of at least 10 megabytes per second on download and at least 2 megabytes per second on upload. However, AMN fails to reimburse Plaintiff, the Collective Members and the Class Members for such required equipment and internet service. As such, AMN has violated the overtime provisions of the FLSA and OMFWSA.

## COLLECTIVE ACTION ALLEGATIONS

46.    Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

47.    Plaintiff brings this action under 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Interpreters employed by AMN.

48.     AMN subjected all of its Interpreters, including Plaintiff and the Collective Members, to its policy and practice of not paying them minimum wage or overtime for all time spent setting up computer, audio and video equipment; booting up computers and launching AMN software; logging out of AMN software; shutting down computers; taking down audio and video equipment; and cleaning computer, audio and video equipment in violation of 29 U.S.C. §§ 206 and 207.

49.     AMN subjected all of its Interpreters, including Plaintiff and the Collective Members, to its policy of failing to include non-discretionary bonus payments in Plaintiff's and the Collective Members' regular rates of pay to compute their overtime paid in violation of 29 U.S.C §§ 206 and 207.

50.     AMN subjected all of its Interpreters, including Plaintiff and the Collective Members, to its policy of failing to pay Plaintiff and the Collective Members for all scheduled breaks they missed or had to work through and all unscheduled breaks of 20 minutes or less in violation of 29 U.S.C §§ 206 and 207.

51.     AMN subjected all of its Interpreters, including Plaintiff and the Collective Members, to its policy of requiring Plaintiff and the Collective Members to provide highspeed internet equipment and service without reimbursing Plaintiff and the Collective Members for same.

52.     Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

53.     The Collective Members perform or have performed the same or similar work as Plaintiff.

54.     AMN's failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices, and does

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

not depend on the personal circumstances of Plaintiff or the Collective Members.

55.   Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by AMN that caused harm to the Collective Members.

56.   As such, Plaintiff bring his FLSA overtime claim as a collective action on behalf of the following class:

> **All of AMN's current and former Interpreters and those with similar job duties, but different titles, who worked for AMN at any time from three years preceding the filing of this Complaint to the present.**

57.   AMN's unlawful conduct, as described herein, is pursuant to AMN's corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

58.   AMN is aware or should have known federal law prohibited them from not paying Plaintiff and the Collective Members all minimum wage and overtime as detailed herein.

59.   AMN's unlawful conduct has been widespread, repeated, and consistent.

60.   This action is properly brought and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

61.   Upon information and belief, the individuals similarly situated to Plaintiff includes hundreds, and possibly thousands, of Interpreters currently and/or formerly employed by AMN. Plaintiff cannot state the precise number of similarly-situated employees because that information is solely in AMN's possession, custody, or control, but it can be readily ascertained from its employment records.

62.   Notice can be provided to the Collective Members by First Class Mail to

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

the last address known to AMN, via email at the last known email address known to AMN, and by text message to the last known telephone number known to AMN.

## <u>OHIO RULE 23 CLASS DEFINITION AND ALLEGATIONS</u>

63.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.    **Rule 23 Class.** Plaintiff brings Claims for Relief for violation of Ohio wage-and-hour laws as a class action under Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following class comprised of:

> **The Class Members are all of AMN's current and former Interpreters and those with similar job duties, but different titles, who worked for AMN, within Ohio, at any time from three years preceding the filing of this Complaint to the present.**

65.    **Numerosity (Rule 23(a)(1)).** The Class Members are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges that AMN employed greater than one hundred people who satisfy the definition of the Class Members.

66.    **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).** Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

> a.    Whether AMN unlawfully failed to pay the Class Members all minimum and overtime wages, in violation of the OMFWSA;
>
> b.    Whether AMN unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and
>
> c.    The damages sustained and the proper measure of restitution

1      recoverable by members of the Class Members.

2      67.    **Typicality (Rule 23(a)(3)).** Plaintiff's claims are typical of the Class

3   Members' claims. Plaintiff, like the Class Members, was subjected to AMN's illegal

4   scheme to maximize profits by depriving their employees of minimum wage and

5   overtime compensation.

6      68.    **Adequacy (Rule 23(a)(4)).** Plaintiff will fairly and adequately represent

7   and protect the interests of the Class Members. Plaintiff has retained counsel

8   competent and experienced in complex class actions, the FLSA, and state labor and

9   employment litigation.

10     69.    **Injunctive and Declaratory Relief (Rule 23(b)(2)).** Class certification

11  of the Rule 23 claims is appropriate under Rule 23(b)(2) because AMN acted or

12  refused to act on grounds generally applicable to the Class Members, making

13  appropriate declaratory relief with respect to the Class Members as a whole.

14     70.    **Predominance and Superiority of Class Action (Rule 23(b)(3)).** Class

15  certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because

16  questions of law and fact common to the Class Members predominate over questions

17  affecting only individual members of the class, and because a class action is superior

18  to other available methods for the fair and efficient adjudication of this litigation.

19  AMN's common and uniform policies and practices illegally deprived Plaintiff and

20  all similarly situated employees of wages; thus, making the question of liability and

21  damages much more manageable and efficient to resolve in a class action, compared

22  to hundreds of individual trials. The damages suffered by individual Class Members

23  are small compared to the expense and burden of individual prosecution. In addition,

24  class certification is superior because it will obviate the need for unduly duplicative

25  litigation that might result in inconsistent judgments about AMN's practices.

26     71.    Plaintiff intends to send notice to all Class Members to the extent

27  required by Rule 23.

28

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

## COUNT ONE: FAIR LABOR STANDARDS ACT
## OFF-THE-CLOCK WORK

72.     Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

73.     AMN has a consistent enterprise-wide policy of requiring Plaintiff and the Collective Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff and the Collective Members their regular rate of pay for all non-overtime hours worked, and one and one-half times their regular hourly rate for all the time they worked over 40 hours in a workweek.

74.     Plaintiff and the Collective Members perform their duties and provide their interpretation services for AMN remotely. As part of this design, AMN issues Plaintiff and the Collective Members computer, audio and video equipment for use in Plaintiff's and the Collective Members' homes. This AMN equipment contains AMN's proprietary software programs which Plaintiff and the Collective Members must log on to perform their job functions for AMN.

75.     At all relative times, Plaintiff and the Collective Members have been subject to AMN's policy of requiring Plaintiff and the Collective Members to spend time working before clocking in at the beginning of their shifts and after clocking out at the end of their shifts.

76.     Specifically, Plaintiff, and the Collective Members must set up the required audio and video equipment and perform quality checks before being "clocked in" and therefore perform uncompensated work. Moreover, Plaintiff and the Collective Members are required to spend time booting up and logging into their computers before clocking in for their shift and required to clock out at the end of their shift before logging off, shutting down their computers and cleaning the AMN issued equipment.

77.     As a result, Plaintiff and the Collective Members typically spend at least

15 minutes or more each shift that goes completely uncompensated. In all instances, AMN's failure to compensate Plaintiff and the Collective Members for such time violates the minimum wage provisions of the FLSA, 29 U.S.C. § 206. In all instances wherein Plaintiff and the Collective Members work over 40 hours in a workweek, AMN's failure to compensate Plaintiff and the Collective Members for such time violates the overtime provisions of the FLSA, 29 U.S.C. § 207.

78. For example, during the pay period beginning November 6, 2021 and ending November 19, 2021, AMN recorded and paid Plaintiff for 86.66 hours worked. During that pay period, Plaintiff worked no less than 150 minutes that was not recorded or compensated by AMN whatsoever.

79. As a result, AMN did not pay Plaintiff minimum wage as required by the FLSA for no less than 150 minutes that were worked between November 6, 2021 and November 19, 2021.

80. Because Plaintiff worked in excess of 40 hours in each of the workweeks within the pay period spanning from November 6, 2021 through November 19, 2021, AMN likewise failed to pay Plaintiff for no less than 150 minutes of overtime at one-and-one-half times her regular rate of pay as required by the overtime provisions of the FLSA.

81. Although at this stage, Plaintiff and the Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiff and the Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

82. AMN knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members during their employment would violate the FLSA, and AMN knew the FLSA's minimum

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

wage and overtime requirements. As such, AMN's conduct constitutes a willful violation of the FLSA.

83.    As a result of AMN's failure or refusal to pay Plaintiff and the Collective Members for all hours worked, and AMN's failure or refusal to pay Plaintiff and the Collective Members one and one-half times their regular rate of pay for all hours worked over 40 hours in any workweek, AMN violated 29 U.S.C. §§ 206 and 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of all unpaid minimum wages and one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: OHIO MINIMUM FAIR WAGE STANDARDS ACT OFF-THE-CLOCK WORK

84.    Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

85.    "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002).

86.    AMN has a consistent enterprise-wide policy of requiring Plaintiff and the Class Members to perform work while off the clock and failing and/or refusing to compensate Plaintiff and the Class Members their regular rate of pay for all non-overtime hours worked, and one-half times their regular hourly rate for all the time they worked over 40 hours in a workweek.

87.    Plaintiff and the Class Members perform their duties and provide their interpretation services for AMN remotely. As part of this design, AMN issues Plaintiff and the Class Members computer, audio and video equipment for use in Plaintiff's

and the Class Members' homes. This AMN equipment contains AMN's proprietary software programs which Plaintiff and the Class Members must log on to perform their job functions for AMN.

88.     At all relative times, Plaintiff and the Class Members have been subject to AMN's policy of requiring Plaintiff and the Class Members to spend time working before clocking in at the beginning of their shifts and after clocking out at the end of their shifts.

89.     Specifically, Plaintiff and the Class Members must set up the required audio and video equipment and perform quality checks before being "logged in" and therefore perform work that is uncompensated. Moreover, Plaintiff and the Class Members are required to spend time booting up and logging into their computers before clocking in for their shift and required to clock out at the end of their shift before logging off, shutting down their computers and cleaning the AMN issued equipment.

90.     As a result, Plaintiff and the Class Members typically spend at least 15 minutes or more each shift that goes completely uncompensated. In all instances, AMN's failure to compensate Plaintiff and the Class Members for such time violates the minimum wage provisions of O.R.C. § 4111, *et seq*. In all instances wherein Plaintiff and the Class Members work over 40 hours in a workweek, AMN's failure to compensate Plaintiff and the Class Members for such time violates the overtime provisions of O.R.C. § 4111, *et seq*.

91.     For example, during the pay period beginning November 6, 2021 and ending November 19, 2021, AMN recorded and paid Plaintiff for 86.66 hours worked. During that pay period, Plaintiff worked no less than 150 minutes that was not recorded or compensated by AMN whatsoever.

92.     As a result, AMN did not pay Plaintiff minimum wage as required  by the OMFWSA for no less than 150 minutes that were worked between November 6,

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

2021 and November 19, 2021.

93.    Because Plaintiff worked in excess of forty hours in each of the workweeks within the pay period spanning from November 6, 2021 through November 19, 2021, AMN likewise failed to pay Plaintiff for no less than 150 minutes of overtime at one-and-one-half times her regular rate of pay as required by the overtime provisions of the OMFWSA.

94.    Although at this stage, Plaintiff and the Class Members cannot state the exact amount owed for all time worked during their employment, Plaintiff and the Class Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

95.    AMN knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Class Members for all hours worked would violate Ohio law, and AMN knew the Ohio's minimum wage and overtime requirements during Plaintiff's and the Class Members' employment. As such, AMN's conduct constitutes a willful violation of the OMFWSA.

96.    As a result of AMN's failure or refusal to pay Plaintiff and the Class Members all minimum wages and overtime due under Ohio law, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

## COUNT THREE: FAIR LABOR STANDARDS ACT
## FAILURE TO INCLUDE BONUS PAY IN OVERTIME RATE

97.    Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

98.    Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for

all time they spend working over 40 hours in a workweek. To compute the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215.

99.   At all relevant times, Plaintiff and the Collective Members were eligible to earn non-discretionary bonus payments because of positive or exemplary performance. These bonus payments were typically made in a lump sum. For example, on or about October 15, 2021, Plaintiff earned a $250 bonus payment as result of her positive or exemplary performance.

100.   However, AMN does not include these non-discretionary bonus payments in Plaintiff's and the Collective Members' regular rates of pay to compute the overtime rate paid. As a result, AMN has violated overtime provisions of the FLSA.

101.   Although at this stage, Plaintiff and the Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiff and the Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

102.   AMN knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members during their employment would violate the FLSA, and AMN knew the FLSA's minimum wage and overtime requirements. As such, AMN's conduct constitutes a willful violation of the FLSA.

103.   As a result of AMN's failure or refusal to pay Plaintiff and the Collective Members one and one-half times their regular rate of pay for all hours worked over 40 hours in any workweek, AMN violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times

1   their regular rate of pay, to be proven at trial, plus an additional equal amount as
2   liquidated damages, together with interest, reasonable attorney's fees, and costs.

3   **COUNT FOUR: OHIO MINIMUM FAIR WAGE STANDARDS ACT**
4   **FAILURE TO INCLUDE BONUS PAY IN OVERTIME**

5   104.   Plaintiff and the Class Members reallege and incorporates by reference
6   all allegations in all preceding paragraphs.

7   105.   "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject
8   to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL
9   3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie &*
10  *Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l.*
11  *Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002). Under the OMFWSA, employers must
12  pay all non-exempt employees an overtime wage premium of pay one and one-half
13  times their **regular rate of pay** for all time they spend working over 40 hours in a
14  workweek. To compute the lawful overtime rate, an employee's regular rate of pay
15  must include all non-discretionary bonus payments.

16  106.   At all relevant times, Plaintiff and the Class Members were eligible to
17  earn non-discretionary bonus payments because of positive or exemplary
18  performance. These bonus payments were typically made in a lump sum. For example,
19  on or about October 15, 2021, Plaintiff earned a $250 bonus payment as result of her
20  positive or exemplary performance.

21  107.  However, AMN does not include these non-discretionary bonus
22  payments in Plaintiff's and the Class Members' regular rates of pay to compute the
23  overtime rate paid. As a result, AMN has violated to overtime provisions of the
24  OMFWSA.

25  108.  However, AMN does not include these non-discretionary bonus
26  payments in Plaintiff's and the Class Members' regular rates of pay to compute the
27  overtime rate paid. As a result, AMN has violated and continues to violate the

28

1    overtime provisions of the OMFWSA.

2        109.   Although at this stage, Plaintiff and the Class Members cannot state the

3    exact amount owed for all time worked during their employment, Plaintiff and the

4    Class Members believe that such information will become available during discovery.

5    Furthermore, when an employer fails to keep complete and accurate time records,

6    employees may establish the hours worked by their testimony, and the burden of

7    overcoming such testimony shifts to the employer.

8        110.   AMN knew that – or acted with reckless disregard as to whether – its

9    refusal or failure to properly compensate Plaintiff and the Class Members for all hours

10   worked would violate Ohio law, and AMN knew the Ohio's overtime requirements

11   during Plaintiff's and the Class Members' employment. As such, AMN's conduct

12   constitutes a willful violation of the OMFWSA.

13       111.   As a result of AMN's failure or refusal to pay Plaintiff and the Class

14   Members all overtime due under Ohio law, Plaintiff and the Class Members are

15   entitled to compensation for all such unpaid wages, to be proven plus treble damages

16   and interest, reasonable attorney's fees, and costs.

## COUNT FIVE: FAIR LABOR STANDARDS ACTS
## UNLAWFUL UNPAID BREAKS

19       112.   Plaintiff and the Collective Members reallege and incorporate by

20   reference all allegations in all preceding paragraphs.

21       113.   Under the FLSA, "[r]est periods of short duration, running from 5

22   minutes to about 20 minutes. . . must be counted as hours worked." *See* 29 C.F.R.

23   785.18; *see also Mauia v. Petrochem Insulation,* Inc., 5 F.4th 1068, 1074 (9th Cir.

24   2021). AMN violated the FLSA by routinely failing to pay Plaintiff and the Collective

25   Members for rest breaks shorter than 20 minutes.

26       114.   At all relevant times, Plaintiff and the Collective Members were subject

27   to AMN's company-wide "break" policy. *See* excerpt from Language Operations US

28

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

Policies Manual attached hereto as **"Exhibit B"** and incorporated as if fully rewritten herein.

115.   Under AMN's break policy, Plaintiff and the Collective Members can work as much as 7.75 hours while receiving only one paid 15-minute break, i.e. the "scheduled break." Plaintiff and the Collective Members can work over 10 hours while receiving only two paid 15-minute scheduled breaks. If Plaintiff and the Class Members work 3.75 hours or less, then they receive no paid break time whatsoever.

116.   AMN's break policy further provides that "[s]hifts extended due to long sessions will not be eligible to have additional breaks paid out, as breaks are intended to be scheduled and taken during the shift." Moreover, "[i]f the last break cannot be taken due to servicing a long session, that break time is not to be added as paid time at the end of the shift."

117.   Plaintiff's and the Collective Members' primary job function is to listen to a patient speaking in a foreign language, translate the patient's words to the healthcare provider in English, then listen to the healthcare provider's response, and then translate the healthcare provider's response to the patient in their foreign language. Naturally, the length of these sessions will take longer than allotted and therefore Plaintiff and Collective Members would have to work through their breaks. However, under the policy, Plaintiff and Collective Members could not add the missed breaks to total hours worked in a shift and therefore were not being paid for all non-overtime and overtime hours worked. In addition, Plaintiff and the Collective Members may need brief rest breaks which fall outside of AMN's sparse scheduled break policy. Any such break is treated as an "unscheduled break" and AMN does not compensate Plaintiff and the Collective Members for same.

118.   AMN's failure to pay Plaintiff and the Collective Members for missed breaks and/or any unscheduled break of 20 minutes or less violates the minimum wage provisions of the FLSA in all instances. In all instances wherein Plaintiff and the

Collective Members worked over 40 hours in a workweek, AMN's failure to compensate Plaintiff and the Collective Members for missed breaks and/or any unscheduled break of 20 minutes or less violates the overtime provisions of the FLSA.

119.   Although Plaintiff does not have access to her time punch records, Plaintiff has knowledge and belief that during the pay period beginning November 6, 2021 and ending November 19, 2021, Plaintiff took approximately 10 rest breaks of 20 minutes or less for which she was not paid. AMN recorded Plaintiff's time to the 1/100th of an hour and paid her for precisely 86.66 hours that pay period. As result of AMN's failure to pay Plaintiff for these approximately 10 rest breaks during this pay period, AMN violated both the minimum wage and overtime wage requirements of the FLSA.

120.   AMN is in possession of all of the time punch records which Plaintiff does not have access to at this time. Upon information and belief, these records will evidence all of the breaks for which Plaintiff and the Collective Members were paid, and all of the breaks for which Plaintiff and the Collective Members were not paid. Upon information and belief, these time punch records should be readily available in discovery.

121.   Although at this stage, Plaintiff and the Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiff and the Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

122.   AMN knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members during their employment would violate the FLSA, and AMN knew the FLSA's minimum wage and overtime requirements. As such, AMN's conduct constitutes a willful

violation of the FLSA.

123.   As a result of AMN's failure or refusal to pay Plaintiff and the Collective Members their regular rate of pay for all hours worked and one and one-half times their regular rate of pay for all hours worked over 40 hours in any workweek, AMN violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation for unpaid wages at their regular rate of pay for non-overtime hours worked and one and one-half times their regular rate of pay for unpaid overtime hours, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT SIX: OHIO MINIMUM FAIR WAGE STANDARDS ACT
## UNLAWFUL UNPAID BREAKS

124.   Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

125.   "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)). Under the OMFWSA, rest periods of short duration, running from 5 minutes to about 20 minutes, must be counted as hours worked. AMN violated the OMWFSA by routinely failing to pay Plaintiff and the Class Members for rest breaks shorter than 20 minutes.

126.   At all relevant times, Plaintiff and the Class Members were subject to AMN's company-wide "break" policy. *See* excerpt from Language Operations US Policies Manual attached hereto as **"Exhibit B"** and incorporated as if fully rewritten herein.

127.   Pursuant to AMN's break policy, Plaintiff and the Class Members can work as much as 7.75 hours while receiving only one paid 15-minute break, i.e. the

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

"scheduled break." Plaintiff and the Class Members can work over 10 hours while receiving only two paid 15-minute scheduled breaks. If Plaintiff and the Class Members work 3.75 hours or less, then they receive no paid break time whatsoever.

128.   AMN's break policy further provides that "[s]hifts extended due to long sessions will not be eligible to have additional breaks paid out, as breaks are intended to be scheduled and taken during the shift." Moreover, "[i]f the last break cannot be taken due to servicing a long session, that break time is not to be added as paid time at the end of the shift."

129.   Plaintiff's and the Class Members' primary job function is to listen to a patient speaking in a foreign language, translate the patient's words to the healthcare provider in English, then listen to the healthcare provider's response, and then translate the healthcare provider's response to the patient in their foreign language. Naturally, the length of these sessions will take longer than allotted and therefore Plaintiff and Collective Members would have to work through their breaks. However, under the policy, Plaintiff and Collective Members could not add the missed breaks to total hours worked in a shift and therefore were not being paid for all non-overtime and overtime hours worked. In addition, Plaintiff and the Collective Members may need brief rest breaks which fall outside of AMN's sparse scheduled break policy. Any such break is treated as an "unscheduled break" and AMN does not compensate Plaintiff and the Collective Members for same.

130.   AMN's failure to pay Plaintiff and the Class Members for any breaks they missed and were required to work through and any unscheduled break of 20 minutes or less violates the minimum wage provisions of the OMFWSA in all instances. In all instances wherein Plaintiff and the Class Members worked over 40 hours in a workweek, AMN's failure to compensate Plaintiff and the Class Members for any unscheduled break of 20 minutes or less violates the overtime provisions of the OMFWSA.

131.   Although Plaintiff does not have access to her time punch records, Plaintiff has knowledge and belief that during the pay period beginning November 6, 2021 and ending November 19, 2021, Plaintiff took approximately 10 rest breaks of 20 minutes or less for which she was not paid. AMN recorded Plaintiff's time to the 1/100th of an hour and paid her for precisely 86.66 hours that pay period. As result of AMN's failure to pay Plaintiff for these approximately 10 rest breaks during this pay period, AMN violated both the minimum wage and overtime wage requirements of the OMFWSA.

132.   AMN is in possession of all of the time punch records which Plaintiff does not have access to at this time. Upon information and belief, these records will evidence all of the breaks for which Plaintiff and the Class Members were paid, and all of the breaks for which Plaintiff and the Class Members were not paid. Upon information and belief, these time punch records should be readily available in discovery.

133.   Although at this stage, Plaintiff and the Class Members cannot state the exact amount owed for all time worked during their employment, Plaintiff and the Class Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

134.   AMN knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Class Members for all hours worked would violate Ohio law, and AMN knew the Ohio's minimum wage and overtime requirements during Plaintiff's and the Class Members' employment. As such, AMN's conduct constitutes a willful violation of the OMFWSA.

135.   As a result of AMN's failure or refusal to pay Plaintiff and the Class Members all minimum wages and overtime due under Ohio law, Plaintiff and the

Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

**COUNT SEVEN: FAIR LABOR STANDARDS ACT**

**IMPROPER KICKBACKS**

136.   Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

137.   The wage requirements of the FLSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 531.35. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id.*

138.   AMN requires Plaintiff and the Collective Members to supply their own highspeed internet routers and modems. *See* excerpt from Language Operations US Policies Manual attached hereto as "**Exhibit C**" and incorporated as if fully rewritten herein. Moreover, Plaintiff and the Collective Members must provide highspeed internet service with bandwidth capable of at least 10 megabytes per second on download and at least 2 megabytes per second on upload. However, AMN fails to reimburse Plaintiff and the Collective Members for such required equipment and internet service. As such, AMN has violated both the overtime provisions of the FLSA.

139.   For example, during the pay period beginning November 6, 2021 through the pay period ending December 3, 3021, AMN recorded and compensated Plaintiff for a total of 7.66 overtime hours, i.e., hours worked in excess of 40 hours in any given workweek during that period. During this time, Plaintiff's regular rate of pay was

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

$22.00 per hour. As such, AMN owed Plaintiff an overtime premium of $11.00 per hour for each of these 7.66 overtime hours, for a total of $84.26.

140.   However, from November 6, 2021 through December 3, 2021, Plaintiff had to pay approximately $94.37 for high speed internet necessary to perform her job duties for AMN.

141.   As such, while AMN ostensibly paid Plaintiff $84.26 in overtime for this period spanning from November 6, 2021 through December 3, 2021, AMN did not pay this overtime "free and clear" as required by the FLSA. Instead, by shifting its necessary operating costs to Plaintiff, AMN required Plaintiff to "kickback" the entirety of AMN's $84.26 overtime obligation owed to Plaintiff in violation of the FLSA.

142.   Although at this stage, Plaintiff and the Collective Members cannot state the exact amount owed for all time worked during their employment, Plaintiff and the Collective Members believe that such information will become available during discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

143.   AMN knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members during their employment would violate the FLSA, and AMN knew the FLSA's overtime requirements. As such, AMN's conduct constitutes a willful violation of the FLSA.

144.   As a result of AMN's failure to reimburse Plaintiff and the Collective Members for their internet equipment and service, AMN violated the overtime provisions of the FLSA. Plaintiff and the Collective Members are therefore entitled to overtime compensation, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT EIGHT: OHIO MINIMUM FAIR WAGE STANDARDS ACT**

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

**IMPROPER KICKBACKS**

145.   Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

146.   "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)). The wage requirements of the OMFWSA will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.

147.   AMN requires Plaintiff and the Class Members to supply their own highspeed internet routers and modems. *See* excerpt from Language Operations US Policies Manual attached hereto as "**Exhibit C**" and incorporated as if fully rewritten herein. Moreover, Plaintiff and the Class Members must provide highspeed internet service with bandwidth capable of at least 10 megabytes per second on download and at least 2 megabytes per second on upload. However, AMN fails to reimburse Plaintiff and the Class Members for such required equipment and internet service. As such, AMN has violated the overtime provisions of the OMFWSA.

148.   For example, during the pay period beginning November 6, 2021 through the pay period ending December 3, 3021, AMN recorded and compensated Plaintiff for a total of 7.66 overtime hours, i.e., hours worked in excess of 40 hours in any given workweek during that period. During this time, Plaintiff's regular rate of pay was $22.00 per hour. As such, AMN owed Plaintiff an overtime premium of $11.00 per hour for each of these 7.66 overtime hours, for a total of $84.26.

149.   However, from November 6, 2021 through December 3, 2021, Plaintiff had to pay approximately $94.37 for high speed internet service and equipment

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1    necessary to perform her job duties for AMN.

2         150.   As such, while AMN ostensibly paid Plaintiff $84.26 in overtime for this

3    period spanning from November 6, 2021 through December 3, 2021, AMN did not

4    pay this overtime "free and clear" as required by the OMFWSA. Instead, by shifting

5    its necessary operating costs to Plaintiff, AMN required Plaintiff to "kickback" the

6    entirety of AMN's $84.26 overtime obligation owed to Plaintiff in violation of the

7    OMFWSA.

8         151.   Although at this stage, Plaintiff and the Class Members cannot state the

9    exact amount owed for all time worked during their employment, Plaintiff and the

10   Class Members believe that such information will become available during discovery.

11   Furthermore, when an employer fails to keep complete and accurate time records,

12   employees may establish the hours worked by their testimony, and the burden of

13   overcoming such testimony shifts to the employer.

14        152.   AMN knew that – or acted with reckless disregard as to whether – its

15   refusal or failure reimburse Plaintiff and Class Members for their highspeed internet

16   equipment and service would violate Ohio law, and AMN knew the Ohio's overtime

17   requirements during Plaintiff's and the Class Members' employment. As such,

18   AMN's conduct constitutes a willful violation of the OMFWSA.

19        153.   As a result of AMN's refusal or failure reimburse Plaintiff and Class

20   Members for their highspeed internet equipment and service, Plaintiff and the Class

21   Members are entitled to compensation for all such unpaid wages, to be proven at trial,

22   plus treble damages and interest, reasonable attorney's fees, and costs.

23                              **PRAYER FOR RELIEF**

24        WHEREFORE, Plaintiff, individually, and on behalf of all other similarly

25   situated persons, requests this Court grant the following relief in Plaintiff's, the

26   Collective Members' and the Class Members' favor, and against AMN:

27        A.    For the Court to declare and find AMN committed one or more of the

28

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

following acts:

    i.   violated the minimum wage and overtime provisions of the FLSA;

    ii.  willfully violated the minimum wage and overtime provisions of the FLSA;

    iii. violated the minimum wage and overtime provisions of the OMFWSA; and

    iv. willfully violated the minimum wage and overtime provisions of the OMFWSA.

B.    For the Court to award damages in the amounts of all unpaid minimum and overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;

For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award all treble damages, interest, attorney's fees and costs owed to Plaintiff and the Class Members under the OMFWSA;

For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action under 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

E.    For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and Class Members and for the risks she took in doing so; and

F.    Such other relief as this Court deems just and proper.

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiff, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: March 9, 2022

Respectfully submitted,

**KABATECK LLP**

By: /s/ *Jerusalem F. Beligan*
Brian S. Kabateck (SBN 152054)
bsk@kbklawyers.com
Shant Karnikian (SBN 285048)
sk@kbklawyers.com
Jerusalem F. Beligan (SBN 211258)
jfb@kbklawyers.com
633 W. Fifth Street, Suite 3200
Los Angeles, CA 90071
Telephone: (213) 217-5000

**THE LAW OFFICES OF SIMON & SIMON**

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
james@bswages.com
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890

By: /s/ *Michael L. Fradin*
Michael L. Fradin, Esq. (*pro hac vice* forthcoming)
mike@fradinlaw.com
8401 Crawford Ave., Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889

*Attorneys for Plaintiff and the Putative Classes*

- 33 -

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**