# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sharon Oliveira; and Ingrid Leeman, individually, and on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>AMN Healthcare Language Services, Inc., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>    Defendant. | Case No. 3:22-cv-00003-JES-WVG<br><br>**CLASS ACTION**<br><br>**JUDGMENT OF FINAL APPROVAL OF FLSA AND CLASS ACTION SETTLEMENT**<br><br>**ECF No. 48** |

On November 1, 2023, a hearing was held on the Joint Motion of Plaintiffs Sharon Oliveira and Ingrid Leeman's ("Named Plaintiffs") and Defendant AMN Healthcare Language Services, Inc. ("Defendant") for final approval of this FLSA and class action settlement, and on Plaintiffs' separate motion for awards of the Class Counsel Award and Costs, Class Representative Enhancement Award, and Settlement Administrator costs. This matter previously came before this Court for hearing pursuant to the Plaintiffs' Motion for Preliminary Approval of the FLSA and Class Settlement, dated October 31, 2022, which was granted by this Court in its Preliminary Approval Order, dated May 1, 2023. Due and adequate notice having been given to the Settlement Class Members required in the Preliminary Approval Order, and this Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, it is

ORDERED, ADJUDGED AND DECREED THAT:

1.  The Class And Collective Action Settlement Agreement and Release ("Settlement Agreement" or "Settlement") filed with the Court as Exhibit 1 to the Declaration of Jerusalem F. Beligan entered into by and between Named Plaintiffs, individually and on behalf of Class and Collective Members (defined below), and Defendant AMN Healthcare Language Services, Inc. ("Defendant"), is fair, just, and reasonable and, therefore, meet the requirements for final approval.

2.  For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

3.  This Court has jurisdiction over the subject matter of this litigation and all related matters and all state and federal claims raised in this Action and released in the Settlement Agreement, and personal jurisdiction over Defendant and all Class and Collective Members. Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court also has supplemental

-1-

**JUDGMENT OF FINAL APPROVAL OF FLSA AND CLASS ACTION SETTLEMENT**

jurisdiction over all state-law claims asserted by Named Plaintiffs because the state-law claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction. This Court also has jurisdiction to approve the Settlement's release of claims by Class/Collective Members over which the Court has jurisdiction, even if the Court would not independently have jurisdiction over those released claims.

4. The following classes are conditionally certified for settlement purposes only and it is ordered that the classes are finally approved and certified as a Class or Collective for purposes of settlement of this Action:

> a. California Class: Plaintiff Leeman and all current and former employees employed by AMN Healthcare Language Services, Inc. or its Predecessor Companies as Interpreters in the State of California during the California Class Period (from June 27, 2018 to November 1, 2022).
>
> b. FLSA Collective: Named Plaintiffs and all current and former employees employed by AMN Healthcare Language Services, Inc. or its Predecessor Companies as Interpreters in the United States (excluding Puerto Rico) during the FLSA Collective Period (May 1, 2020 to November 1, 2022).
>
> c. Ohio Collective: Plaintiff Oliveira and all current and former employees employed by AMN Healthcare Language Services, Inc. or its Predecessor Companies as Interpreters in the State of Ohio during the Ohio Collective Period (May 1, 2021 to November 1, 2022).
>
> d. Some FLSA Collective Members will also be California Class Members; and some FLSA Collective Members will also be Ohio Collective Members.

5. Distribution of the Notices of Settlement directed to Class/Collective Members as set forth in the Settlement Agreement and the other matters set forth therein have been completed in substantial conformity with the Preliminary Approval Order, including individual notice to all Class/Collective Members who could be identified through reasonable effort.

6. The Court finds and determines that the notice procedure afforded adequate protections to Class/Collective Members. The Notices of Settlement provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and the Notices of Settlement fully satisfied the requirements of due process.

7. CAFA notices have been properly provided pursuant to 28 U.S.C. § 1715.

8. The Court finds, for settlement purposes only, the requirements of 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) have been satisfied for purposes of the certification of the FLSA Collective, Ohio Collective, and California Class.

9. The Court confirms as final the appointment of Plaintiff Ingrid Leeman as the California Class Representative and as an aggrieved employee for purposes of the PAGA. The Court further confirms as final the appointment of Plaintiff Sharon Oliveira as the Ohio Collective Representative. The Court further confirms both Plaintiff Ingrid Leeman and Plaintiff Sharon Oliveira as FLSA Collective Representatives.

10. This Court hereby approves the proposed Settlement set forth in the Settlement Agreement and finds that the proposed Settlement is, in all respects, fair, adequate and reasonable. This Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations. This Court

further finds that the Parties have conducted extensive and costly investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions. This Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of this Action. In addition, the Court finds that the Settlement Agreement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the further result of the assistance of an experienced mediator, between experienced counsel representing the interests of the Class/Collective Members and Defendant. This Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the benefit to Settlement Class Members of that monetary recovery.

11. The Court further finds and determines that the Named Plaintiffs and Settlement Class Members will be bound by the Settlement Agreement, that this Settlement is ordered finally approved, and that all terms and provisions of the Settlement Agreement should be and are ordered to be consummated, except as otherwise provided in this Order.

12. As defined in the Settlement Agreement, the California Settlement Class does not include those California Class Members who properly and timely requested an exclusion.

13. This Court directs that the Gross Settlement Amount be allocated and distributed between the FLSA Gross Settlement Amount, the Ohio Gross Settlement Amount, the California Gross Settlement Amount and the PAGA Gross Settlement Amount according to the terms of the Settlement Agreement.

14. This Court hereby awards a Fee Award to Class Counsel in the amount of $1,000,000 and Cost Award in the amount not to exceed $46,000. Class Counsel shall not be entitled to any other award of attorneys' fees or costs in any way

connected with this Action. The Court finds that the hourly rates of Class Counsel are reasonable, and the time Class Counsel represented they have worked on this Action was reasonably spent securing the Settlement approved herein. This Court also hereby approves a Service Award to Ingrid Leeman and Sharon Oliveira in the amount of $7,500 each for a total of $15,000. This Court also approves the payment of Administration Costs to CPT Group in the amount of $35,000. Together, these items will be referred to herein as "Approved Awards, Costs and Fees" or "AACF."

15. The Court orders that the Approved Awards, Costs and Fees be deducted from the Gross Settlement Amounts as follows: 50.85% of the total AACF from the California Gross Settlement Amount, 48.81% of the total AACF from the FLSA Gross Settlement Amount, and .34% of the total AACF from the Ohio Gross Settlement Amount.

16. The Court finds and determines that the payments to be made to the Settlement Class Members as provided for in the Settlement Agreement are fair and reasonable. The proposed plan of allocation, which bases each Settlement Class Member's recovery on his or her total number of full-time or part-time workweeks on a pro rata basis regardless of the strength of their individual claims, is fair and does not improperly grant preferential treatment to segments of the class. The plan of allocation is rational. The Court gives final approval to and orders that payment of those amounts be made to Settlement Class Members out of the applicable Net Settlement Fund(s) in accordance with the terms of the Settlement Agreement. Likewise, individual PAGA Settlement Awards will be paid to each PAGA Representative Group Member based on the number of PAGA Pay Periods that the individual worked for Defendant during the PAGA Period pursuant to the terms of the Settlement Agreement.

17. The Court finds that the response of Class/Collective Members following the administration of Class Notice supports the approval of the settlement.

-5-

**JUDGMENT OF FINAL APPROVAL OF FLSA AND CLASS ACTION SETTLEMENT**

There were no objections by Settlement Class Members to the settlement despite the Notice being sent to 2,421 Class/Collective. Only 3 California Settlement Class Members opted out of the California Settlement Class. 46.06% of FLSA Collective Members opted in to the FLSA Settlement Collective, and 42.27% of Ohio Collective Members opted in to the Ohio Settlement Collective.

18. The Settlement Agreement and Settlement are not an admission by Defendant or any other Released Parties, nor is this Judgment a finding, of the validity of any claims in this Action or of any wrongdoing by Defendant or any of the other Released Parties. Neither this Judgment, nor the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendant or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Settlement Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant or any of the other Released Parties and shall not be offered in evidence in any action or proceeding against Defendant or any of the Released Parties in any court, administrative agency or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Judgment, the Settlement Agreement, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in this Action or in any other proceeding the Judgment, Settlement Agreement, or any other papers and records on file in this Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

19. This Court hereby dismisses the Action with prejudice with respect to the claims of Named Plaintiffs, the California Settlement Class, the FLSA Settlement

Collective, the Ohio Settlement Collective, and the PAGA Representative Group; declares that Named Plaintiffs are bound by the Named Plaintiff Release, all California Settlement Class Members are bound by the California Release, all FLSA Settlement Collective Members are bound by the FLSA Release, all Ohio Settlement Class Members are bound by the Ohio Release, and all PAGA Representative Group Members are bound by the PAGA Release; and permanently bars these Settlement Group Members from prosecuting the Released Claims. No costs or attorneys' fees shall be owed to any of the Parties as against any other settling party, except as provided for in the Settlement Agreement. The Court hereby dismisses this Action without prejudice as to all remaining non-exempt hourly employees of Defendant, who are not part of the Settlement Classes, and on whose behalf the Named Plaintiffs originally brought the Operative Complaint.

20. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

21. After administration of the Settlement has been completed in accordance with the Settlement Agreement and all amounts calculated, and in no event later than 180 days after the Settlement Effective Date, Class Counsel shall file a declaration prepared by the Settlement Administrator which sets forth the total of the Settlement Awards made to Settlement Class Members and certifying compliance with the terms of the Settlement.

22. This Court finds that the Settlement Agreement is in good faith and constitutes a fair, reasonable and adequate compromise of the Released Claims against Defendant.

23. If the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, resulting in the return and/or retention of the

Gross Settlement Amount to Defendant consistent with the terms of the Settlement Agreement, then this Judgment and all orders entered in connection herewith shall be rendered null and void and shall be vacated.

24.  Accordingly, the Court orders all Parties and their counsel to cooperate in the fulfilling the terms of the Settlement Agreement herein consistent with this order, and this Court shall retain jurisdiction to effectuate the terms of the Settlement including the binding effect of the releases set forth in the Settlement Agreement to both the Named Plaintiffs and Settlement Class Members.

**IT IS SO ORDERED.**

Dated: November 1, 2023

_____
Honorable James E. Simmons Jr.
United States District Judge

**JUDGMENT OF FINAL APPROVAL OF FLSA AND CLASS ACTION SETTLEMENT**